UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRANNON LEE ROWE**                                                                     **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:24-CV-P82-JHM**

**3C MEDICAL**                                                             **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brannon Lee Rowe, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss Plaintiff's claims but allow him to file an amended complaint.

**I. STATEMENT OF CLAIMS**

Plaintiff, a prisoner at the McCracken County Jail (MCJ), sues "3C Medical," which the summons form identifies as "Comprehensive Correction Care – 3C."

Plaintiff states that he suffers from an ulcer and a thyroid problem but was not medically assessed until 12 days after he arrived at MCJ on February 2, 2024. He states that he filled out nine medical forms, but when he was seen by "staff" he was told that he was going to the "hole" until he could show them that he was throwing up or defecating blood. He alleges that he filled out more medical forms but still was not seen. He alleges that he still had not been seen by "medical" by April 20. He further alleges, "Now they want to draw blood after I ask for the form to file a lawsuit on them." He explains that he has been without his medication since he arrived and that his thyroid "has gotten worse."

According to the complaint, Plaintiff has asked who the medical staff is "and they will not tell me and I cant even get any names of who they are or what position they hold."

Plaintiff requests damages and for "medical staff" to be terminated.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs."[1] *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Defendant is a private medical provider which contracts with MCJ to provide medical services to inmates. "A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function." *See, e.g.*, *Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)). Whether such a private entity should be held liable for a constitutional violation is analyzed the same way as a determination that a municipality should be held liable. When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

---

[1] The Court assumes for purposes of this initial review that Plaintiff's ulcer and thyroid problem are serious medical needs.

Here, even reading Plaintiff's complaint liberally, as the Court is required to do, *see Boag*, 454 U.S. at 365, Plaintiff has not alleged a custom or policy as the cause for the alleged constitutional violation. Accordingly, the Court will dismiss Plaintiff's claim against Defendant.

Plaintiff states that he has made inquiries but has been unable to find out the names of the medical staff, seemingly evidencing his desire to name individual Defendants, and the Court will allow him to amend to do so. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

Should Plaintiff's attempts to determine the names of individuals allegedly responsible for denying him health care continue to prove unfruitful, the Court instructs Plaintiff that he may subpoena Comprehensive Correction Care (3C) or MCJ for records to ascertain the name(s) of the individual(s) he alleges were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to compel a non-party to produce evidence. However, before a subpoena can be issued by the Clerk, Plaintiff must submit a completed subpoena form to the Clerk's Office, along with a motion for issuance of a subpoena stating why Plaintiff believes that he is entitled to the documents.

### III. CONCLUSION AND ORDER

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendant are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that by **August 10, 2024**, Plaintiff may file an amended complaint naming the individual(s) who he alleges were deliberately indifferent to his serious medical need in their individual capacity(ies).

The Clerk is **DIRECTED** to send Plaintiff a § 1983 complaint form with "Amended" and this case number on it and send it to Plaintiff for his use should he wish to file an amended complaint as well as four summons forms should Plaintiff wish to add Defendant(s), and a blank subpoena form titled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (Form AO 88B)[2] with the instant case number affixed to it.

Plaintiff is **WARNED** that failure to file an amended complaint by **August 10, 2024,** will result in dismissal of this lawsuit for the reasons set forth herein.

Date: June 14, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

---

[2] The Court provides the following guidance to the *pro se* Plaintiff for completing the subpoena form: (1) in the first portion of the subpoena where there is a blank line after the word "To," Plaintiff must write or type the name of the person or entity to whom the subpoena is directed; (2) Plaintiff must describe the materials he seeks to obtain; and (3) in the boxes where it states "Place" and "Date and Time," Plaintiff must write where he wants the person or entity to produce the materials, which is presumably Plaintiff's mailing address, and the date and time he wants this done.